NO. 8783

COURT OF APPEAL

PARISH OF ORLEANS

CHARLES EPSTEIN

versus

EDWARD A. CHAILLOT

Dinkelspiel; J.

Plaintiff institutes this suit, alleging that defendant dss indebted unto him in the sum of $300.00, he being the holder and owner for value and before maturity, of eleven rent notes, payabie equal to the sum claimed, the consideration being for the lease of premises 2503 Port Street, at a monthly rental of $25.00. The notes in question represent rent due from January 1922 to December 1922, inclusive; alleging that defendant leased from the prior lessor the premises in question, and Flicker, the prior landlord endorsed said notes; that the notes are identified with the lease and act of sale annexed hereto, and that the defendant having failed to pay the rent for the month of January has abandoned the leased premises and has left the State; plaintiff has a lessor's lien and privilege for the payment of the rent due and secured by the contents of the leased premises, and fearing, and petitioner has good reason to believe, that lessee will remove the property upon which he has a privilege, out of the leased premises, hence plaintiff may be deprived of his lien, prays for a writ of seizure and also for the appointment of a curator ad hoc to represent the absent defendant, and prays for judgment in the full amount of his claim, with legal interest thereon from judicial demand until paid, together with recognition of his lessor's lien and privilege on the contents of the leased premises, and that said contents be sold and petitioner be xx paid out of the proceeds thereof by preference and priority over all other persons. This petition was sworn to by plaintiff and the writ of provisional seizure issued as prayed for.

The return of the Sheriff annexed to the record, show that defendant could not be found; the contents of the premises in question were seized, and Thomas R. Rozier was appointed curator ad hoc to represent defendant. He answers, first pleading that on the face of plaintiff's petition the Court was without authority to appoint a curator ad hoc, and further that the pe-

tition discloses no cause or right of action. Finally answers with a general denial.

An intervention and third Opposition was filed in this case in behalf of the United States Slicing Machine Company, who set up that they are the owners of a certain United States Slicing Machine, which was seized by the Civil Sheriff in this case; that they leased said machine to William Flicker, and the said Flicker was in possession when the writ of provisional seizure issued and when the seizure in this case was made, and that said Flicker held the said Slicing machine as a lessee under a contract of lease between intervenor and Flicker, dated April 16th, 1921, annexing a copy of the lease to petition; and alleging further that the slicing machine is not the property of the defendant; that plaintiff has no lien or privilege of any kind upon said machine and that said plaintiff in this suit never had any rights or lien or privilege upon said machine either in law or in fact. Alleging further that there was no contract of lease between the defendant Flicker and the plaintiff, and that plaintiff has no right, title or claim against said machine and is holding the same through fraud and contrary to law; that demand was made upon said plaintiff and he was notified of this fact and requested to return the said machine but refuses to do so, hence intervenor and third opponent prays that there their petition be of intervention and third opposition be filed and that there be judgment in their favor decreeing them to be the owners of said slicing machine, and that same was not subject to provisional seizure herein, and finally prayed that the plaintiff's suit claiming a lien and privilege be denied and that the property in question be restored to intervenors.

We find annexed to the petition, a copy purporting to

be a sale or lease to William Flicker, and we quote therefrom the following provisions:

"Provided said rent shall be promptly and fully paid in cash which shall include the payment of any judgment secured with xxxxxxxxxx costs and attorney's fees, and all the terms and conditions of this lease performed, the lessee may elect to become the owner of the property, and such election shall rest title to said property in lessee."

The terms for said machine as expressed in this contract was the sum of $375.00, thirty four dollars of which was paid in cash and the balance was on credit.

Plaintiff has fully proven his case in so far as the evidence shows, and there is no denial that he is the owner in good faith of the rent notes in question, and the only question presented to this Court is whether or not this was a sale of a slicing machine seized, as snown in this record, among other articles of property found in the premises xxxx stated, or whether it was a mere lease.

In the case of Seeling vs. Dumas, found in the 48th Ann. at page 1499, the Court held:

"In the opinion heretofore rendered by us we adopted defendant's construction of the contract between plaintiff and Theresa Hamilton that it was one of sale. We reached that conclusion from the fact that possession had been given to Theresa Hamilton, from the large amount payable weekly, which viewed from the standpoint of the contract being a lease would be out of proportion to the value of its use, and from the clause in the act by which, on xxxxxx default of any payment as agreed, the whole value of the furniture as mentioned in the annexed promise of sale would be considered due."

4      In the case of Barber Asphalt Paving Co. vs. St. Louis Cypress Company, 121 La. 155, the Court in the body of its opinion says:

112

"Parties are at liberty to make contracts so long as they are legal, and to agree to accidental stipulations; but where they actually make a contract with fixed legal essentials they are powerless to control the legal effect of the contract itself. The contract being made, the law governs its results." Citing numerous authorities.

Again: "In the case of Adams Mach. Co. Vs. Newman, 107 La. 702, the facts were that the plaintiffs had sold certain machinery, part cash and part on a credit represented by interest-bearing notes of the purchaser maturing at fixed intervals, and the machinery had been installed by their vendee on his plantation, and the plantation, with the machinery on it, had been subsequently mortgaged to the defendant, and the defendant had foreclosed his mortgage and bought the plantation, including the machinery. Plaintiffs contended that their sale of the machinery had been conditional upon payment of the price, and that the price had never been paid, and that consequently they had continued to be owners. The contract of the plaintiff with their vendee recited that the vendee owed them certain notes given for the purchase price of the machinery, and that to secure the payment of the notes the vendee put the machinery in the hands of a trustee named in the contract, and that in case of default on any one of the notes, then all the unpaid notes were to become exigible, and that the trustee should sell the machinery, and with the price thus obtained should pay the notes and give the vendee any balance that might remain. Said the court: "The contract is a present sale intended to be and actually accompanied by possession on the part of the purchaser.*** It is impossible for a contract to be at one and the same time a contract of entirely different and conflicting characteristics. *** It was beyond the power of plaintiffs to make a contract of absolute sale of the machinery, and withdraw

from such sale the effects fixed and flowing from it by virtue of the law itself."

At page 162, "The essentials of a sale are: A thing, the property in which is transferred from the seller to the buyer; and a price in money paid or promised. Benj. on Sales, p. 2 Civil Code Art. 2429. It follows from this that to suppose a sale without a transfer of the property in the thing which forms the object of the sale is simply to suppose an impossibility. Either, therefore, the ownership of this shovel was transferred to Hoyt, amd the stipulation of continued ownership must be disregarded, or else there was no sale made to him. The latter supposition is inadmissable: because not only the ~~akkamxtksmx~~ allegation is that there was a sale made, but the plaintiff company has in its pocket a part of the price, and is not offering to restore it."

Civil Code, Art. 3263. The privilege of the vendor on movables sold by him, which are still in the possession of the vendee, yields to that of the owner of the house or farm which they serve to furnish or supply, for his rents. ~~Ixxxixixxxixx~~ ~~xpx~~ See Art. 3260 Civil Code.

We ~~khaxxf~~ are therefore of the opinion that the inter venors sold to William Flicker, the slicing machiner seized by the plaintirr in this case; that the consideration, price, delivery and everything in reference thereto shows that fact and that subsequently Flicker transferred said property to the defendant in this case. The defendant evidently left the State, without paying either for the machine or the rent and plaintiff acquired the notes sued on and stands today with the transfers of the notes to him, together with the lease, as the rightful owner and is entitled to the landlord's lien and privilege on the property seized.

For the reasons assigned, it is ordered, adjudged

and decreed, that the judgment in favor of plaintiff, against defendant Edward Chaillot, in the sum of $300.00, with legal interest from judicial demand, until paid, with recognition of plaintiff's lien and privilege on the contents of the leased premises be affirmed, and that that portion of the judgment which excepts plaintiff right to the sale of the United States Slicing Machine, and maintains intervenor's right thereto, is annulled, avoided and reversed, and the judgment herein rendered for plaintiff, include the United States Slicing Machine, together with all the other effects seized in this case; that the intervention and third opposition herein filed by the United States Slicing Machine Company be dismissed at their costs, and they together with the defendant be condemned to pay costs of both Courts.

–Judgment affirmed in part and rsfsx

reversed in part–